**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In Re:                                                   **PROCEEDING UNDER CHAPTER 13**
                                                         **CASE NO.: 15-17331-BKC-RAM**

**Cynthia Portales**

_____ Debtor.  /

## RESPONSE TO MOTION FOR DISGORGEMENT OF FEES (DE#68)

COMES NOW, the undersigned counsel, Patrick L. Cordero, Esq., and files this Response

to the Debtor's Motion for Disgorgement of Fees and in support thereof states as follows:

1. The debtor, Cynthia Portales (hereinafter "Debtor"), first consulted with Patrick L. Cordero, Esq. (hereinafter "Undersigned Counsel") on March 14, 2015 and on April 7, 2015 paid the attorney's fees and costs to represent her in this bankruptcy case.

2. Prior to Debtor's initial consultation with Undersigned Counsel, Debtor was a named defendant in a foreclosure case involving her homestead property, case number 08-27152-CA-02. Pursuant to an order dated March 31, 2014 cancelling a previous foreclosure sale, the civil court judge indicated that there would be "No Further Cancellations (NFC)."

3. On January 26, 2015, Plaintiff Deutsche Bank National Trust/Nationstar moved the civil court for an order resetting the sale and Debtor's homestead property was set to be sold at a foreclosure auction on May 5, 2015.

4. Debtor's main concern at the time of the initial consultation with Undersigned Counsel was the imminent foreclosure sale of her homestead property.

5. After the initial consultation and careful review of the debtor's situation, Undersigned Counsel informed Debtor that she had the option to file a chapter 13 bankruptcy case in order to participate in the Mortgage Modification Mediation ("MMM") program in an effort to stop the foreclosure sale and attempt to modify her loan or explore other alternative solutions with the lender. As a result of Debtor's previous personal failed attempts to negotiate with the note holder and the NFC entered in the foreclosure case, Debtor did not have any other options available to stop the sale of her homestead property.

6. Undersigned Counsel thoroughly explained to Debtor the chapter 13 bankruptcy process and the MMM program process. Furthermore, Undersigned Counsel explained to Debtor that there would be no guarantee that the lender Deutsche Bank National Trust/Nationstar would offer Debtor a loan modification or other alternative solutions.

7. Debtor decided to proceed with the filing of the chapter 13 bankruptcy case to stop the pending foreclosure sale and participate in the MMM program. The bankruptcy petition was filed on April 23, 2015.

8. In accordance with the "Guidelines for Compensation For Professional Services or Reimbursement of Expense by Attorneys for Chapter 13 Debtors Pursuant to Local Rule 2016-1(B)(2)(a)," Undersigned Counsel charged a base fee of $3,500.00 plus $150.00 for expenses for the filing of the debtor's chapter 13 bankruptcy case.

9. Additionally, Undersigned Counsel charged Debtor an attorney's fee of $2,500.00 plus $100.00 in costs for MMM in accordance to the MMM program guidelines.

10. Undersigned Counsel charged Debtor a total of $6,000.00 for attorney's fees plus $250.00 for expenses for the instant case. The amount charged for the instant case is in accordance with the safe-harbor guidelines.

11. Undersigned Counsel received only $1,500.00 from Debtor for attorney's fees prior to filing the instant bankruptcy case and the remaining balance of $4,750.00 was included in the debtor's chapter 13 plan to be paid over the life of the plan.

12. Other amounts paid by Debtor include $380.00 for non-refundable mediation costs ($300.00 for the mediator fee, $40.00 for the MMM Portal submission fee and $40.00 for the MMM Document Preparation Software fee) and $389.00 for non-refundable filing fees ($310.00 for chapter 13 petition filing fee plus $79.00 for credit report). These costs paid by Debtor are not part of the attorney's fees charged by Undersigned Counsel.

13. From the day the petition was filed until November 10, 2015, seven months into the plan, Debtor paid a total of $7,638.45 directly to the Chapter 13 Trustee, which was disbursed by the Chapter 13 Trustee as follows: $395.85 to Undersigned Counsel; $7,157.82 to Deutsche Bank National Trust/Nationstar; and $84.78 to the Chapter 13 Trustee.

14. The total amount received by Undersigned Counsel for attorney's fees pre and post filing of this bankruptcy case is only $1,895.00.

15. Moreover, during the pendency of the instant case, Undersigned Counsel provided all required documents and participated in mediation with lender Deutsche Bank National Trust/Nationstar, but unfortunately Debtor was not approved for a loan modification.

16. Debtor was not satisfied with the denial of her loan modification and due to irreconcilable differences Undersigned Counsel filed a Motion to Withdraw as Counsel, which was set for November 10, 2015.

17. At the November 10th hearing, prior to the Motion being heard by this Court, Debtor spoke to Counsel for the firm, Miriam Marenco, Esq. (hereinafter "Counsel"). Counsel explained to Debtor that the hearing was set for the Motion to Withdraw. Debtor told

Counsel that she consented to the Court granting the Motion to Withdraw and that she wanted to dismiss her case.

18. While in the presence of the debtor, Counsel informed the Chapter 13 Trustee's attorney, Adisley Cortez-Rodriguez, that Debtor consented to the Motion to Withdraw and that Debtor requested that the case be dismissed.

19. At the November 10th hearing, Debtor did not mention to Counsel or to the Chapter 13 Trustee's attorney that she was requesting disgorgement of fees paid to Undersigned Counsel. As indicated by Debtor in her Motion for Disgorgement of Fees (EFC#68), "I, Cynthia Portales did not mention absolutely anything about my monies or fees." (ECF#68, bottom of page 1 to beginning of page 2).

20. The Chapter 13 Trustee's attorney explained to Debtor that it was the debtor's decision to stay for the judge or to leave if she wanted Counsel to announce her request for dismissal. Debtor chose to leave and not wait for the judge as she understood that Counsel would announce Debtor's request to dismiss the case.

21. Counsel was unaware of the Response (ECF#52) and Motion to Refund Fees (ECF#53) filed by Debtor. Counsel did not become aware of the Response and Motion to Refund Fees until after this Court informed Counsel at the hearing and until the documents were later entered in PACER after the hearing was conducted.

22. Debtor has filed the documents at ECF#52, ECF#53 and ECF#68 as an inquiry/complaint with The Florida Bar against Undersigned Counsel. The Florida Bar inquiry/complaint contains the same allegations as the debtor's letter addressed to this Court. Undersigned Counsel has filed a response to the debtor's allegations with The Florida Bar explaining with detail all the events surrounding the debtor's bankruptcy and MMM case (see "Exhibit A").

23. Undersigned Counsel has diligently represented Debtor in her bankruptcy case and MMM process. Undersigned Counsel has acted in good faith and in the debtor's best interests.

24. Undersigned Counsel has not charged any attorney's fees in excess of the amounts allowable by this Court.

**WHEREFORE**, Undersigned Counsel, respectfully requests that this Honorable Court enter an order denying Debtor's Motion for Disgorgement of fees, and for such other relief this Court deems just and proper.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true copy of the Response to Motion for Disgorgement of Fees and a true copy of paper which is the subject of the same  (if not previously served) were served on all parties listed below (or on the attached list(s))* and in the manner indicated on December 23, 2015.

The following entities were served by ECF:
Office of the US Trustee
Nancy K. Neidich, Chapter 13 Trustee
Anila Rasul, Attorney for Deutsche Bank National Trust Company et. al.

The following entity was served via first class mail:
Cynthia Portales
16630 SW 140th Avenue
Miami, Florida 33177


                              Respectfully Submitted By:

                              **Law Offices of Patrick L Cordero, P.A.**
                              Attorney for Debtor
                              198 NW 37th Avenue
                              Miami, Florida 33125
                              Tel: (305) 445-4855
                              By: ___/s/ (FILED ECF)_____
                              [ X ] Patrick L. Cordero, Esq., FBN 801992
                              [    ] Miriam V. Marenco, Esq., FBN 86115
                              [    ] Giselle Velez, Esq., FBN 71004
                              [    ] Marlene Sato, Esq., FBN 113717
                              [    ] Aileen Gonzalez, Esq., FBN 118695